**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| WARD HYUNDAI, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-CV-161 SNLJ |
| ) | |
| ZURICH AMERICAN INS. CO., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Ward Hyundai, Inc. ("Ward") brought this action against its insurer Zurich American Insurance Company ("Zurich"). Zurich has moved to dismiss (#22) Ward's First Amended Complaint, and that motion has been fully briefed. This matter is now ripe for disposition.

**I.     Background**

According to the complaint, plaintiff worked with an insurance agent to obtain insurance coverage for Ward's inventory of vehicles. Plaintiff alleges that it sought coverage that would allow it to choose between body-shop estimates or "PDR estimates" for reimbursement of expenses.[1] Plaintiff further alleges that Zurich's agent assured plaintiff that the policy included such a choice. But later, after plaintiff purchased the policy, defendant Zurich informed plaintiff that the policy did not include such a choice.

---

[1] Although not defined, the Court presumes that "PDR" stands for "paintless dent repair" in this context.

On April 27, 2011, defendant's Vice President and General Manager of its Northern Division stated in an email to Ward that the agent had "misinformed" Ward about the policy with respect to the choice Ward sought. Plaintiff's amended complaint contains three counts:

- Count I — Negligent Misrepresentation: Plaintiff alleges defendant failed to use reasonable care to ensure the accuracy of the information conveyed to plaintiff, and the information was false. Plaintiff alleges he justifiably relied on the information and that plaintiff "was damaged by the fact that Ward's inventory was not covered by the Insurance Coverage in the manner which Ward understood the coverage to apply to any loss." (Am. Cmplt., #21 at ¶ 23.)

- Count II — Fraudulent Misrepresentation: Plaintiff alleges that defendant's representation concerning the choice of estimate was false, that defendant knew it was false (or did not know whether it was true or false), and that in fact defendant's policy did not include such a provision. Plaintiff again alleges that it relied on the information and was damaged. (*Id.* at ¶ 29.)

- Count III — Reformation: Plaintiff alleges that it and defendant entered into an agreement in reliance on a mistake of fact. Specifically, the mistake alleged was "that the Insurance Coverage provided by Defendant to Ward would provide for the choice by Ward to use body-shop estimates or PDR

estimates for reimbursement of losses covered under the Insurance Coverage." (*Id.* at ¶ 34.) Plaintiff alleges that the mistake was mutual, that the defendant represented even after the policy was issued that it contained the desired choice of estimate, and it was after that that defendant explained that the policy did not contain the choice provision. Finally, plaintiff alleges it has no remedy at law.

Defendant has moved to dismiss all three Counts of the Amended Complaint.

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential*

*Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged." *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).

### III. Discussion

Defendant contends that plaintiff is playing a "pleading game" in order to avoid application of the rule that the insured has a duty to examine the insurance policy to ensure it conforms with the desired or agreed upon coverage. *See Safeco Ins. Co. of Am.*

*v. Hamm*, 718 F. Supp. 744, 746 (E.D. Mo. 1989) (citing *Hartford Acc. & Indem. Co. v. Farmington Auction, Inc.*, 356 S.W.2d 512, 519 (Mo. App. 1962)). Indeed, plaintiff takes great pains not to claim wrongful denial of payment. Rather, its complaint is focused on the negligent or fraudulent misrepresentation (or mistake) that resulted in the policy that plaintiff says entitles it to damages or reformation of the contract.

    **A.**    **Counts I and II — Negligent and Fraudulent Misrepresentation**

Defendant is correct that whatever verbally transpired between the contracting parties is superseded and merged in a subsequent written policy issued by the insurer and accepted by the insured. *Safeco Ins. Co. of Am. v. Hamm*, 718 F. Supp. 744, 746 (E.D. Mo. 1989); *Young v. Ray America, Inc.*, 673 S.W.2d 74, 79 (Mo. App. W.D. 1984); *Hartford*, 356 S.W.2d 512, 519. An insured has a reasonable time to accept or reject the policy after it is delivered. *Hartford*, 356 S.W.2d at 519. If the insured keeps the policy for a reasonable length of time, he is deemed to have accepted it. *Id.* Indeed, where the insured keeps the contract, thereby accepting its terms, the insured is bound in law to have known the contents of the instrument whether he read it or not. *United States v. Home Life Ins. Co.*, 508 F. Supp. 559, 564 (E.D.Mo. 1980); *Hartford*, 356 S.W.2d at 519.

The law is clear that the "parol evidence rule bars evidence of prior or contemporaneous oral agreements that vary or contradict the terms of an unambiguous, final, and complete writing, <u>absent fraud, mistake, accident or duress</u>." *Brown v. Mickelson*, 220 S.W.3d 442, 447 (Mo. App. W.D. 2007) (emphasis added) (quoting

5

*Sherman v. Deihl*, 193 S.W.3d 863, 866 (Mo. App. S.D. 2006)); *see also Building Erection Servs. Co. v. Plastic Sales Mfg. Co.*, 163 S.W.3d 472, 479 (Mo. App. W.D. 2005)). As a result, the parol evidence rule does not bar claims for negligent misrepresentation, fraudulent misrepresentation, or reformation. *See Cabinet Distributors, Inc. v. Redmond*, 965 S.W.2d 309, 314 (Mo. App. E.D. 1998). In *Cabinet Distributors*, the plaintiff sought damages for fraudulent and negligent misrepresentation or rescission of a lease based on assurances the defendant landlord had made regarding the building's flood history. The court held that plaintiff could bring his claims despite the existence of the lease and its integration clause because the claims were not based in contract, but in tort. *Id.*

Defendant appears to assert that an insured can never bring a claim in tort against its insurer. Defendant insists that *Hartford* is controlling: "It is well settled law that insurance is a matter of contract, and is governed by the rules applicable to contracts and that any claim or suit by either party to an insurance contract must be based on the policy as issued." 356 S.W.2d at 518-19. But plaintiff cites to other law, which suggests that such is true only when the insured tries to recover the policy benefit. *See Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 68 (Mo. banc 2000). That is, "an insurance company's denial of coverage itself is actionable only as a breach of contract and, where appropriate, a claim for vexatious refusal to pay." *Id.* at 69. Here, however, plaintiff insists that it does not seek the policy benefit, but rather — for Counts I and II — it seeks

6

tort damages done to it as a result of the defendant's misrepresentation. Were the plaintiff attempting to recover under the theory that defendant should have allowed it a choice of estimate when it filed a claim under the contract, plaintiff would indeed be barred from doing so by the parol evidence rule. Defendant contends that plaintiff is barred from bringing any claim at all under these circumstances by the parol evidence rule, but plaintiff suggests that the defendant should not be permitted to hide behind its contract and its integration clause.

However, defendant also contends that plaintiff has not sufficiently pleaded the element of damages for Counts I and II. A court considering a Rule 12(b)(6) motion to dismiss must reject a complaint that offers "labels and conclusions" or a "formulaic recitation" of a cause of action's elements. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and changes omitted) (quoting *Twombly*, 550 U.S. at 557).

Here, it appears that plaintiff intentionally omitted facts about the damages it allegedly suffered in an effort to distance itself from a claim for damages based on contract, that is, based on defendant's failure to pay under the policy.[2] Plaintiff states only that its "inventory was not covered by the Insurance Coverage in the manner in

---

[2]Plaintiff's original complaint alleged that 129 of its cars suffered hail damage during a storm, and that incident precipitated this lawsuit. Tellingly, that allegation has been omitted from the amended complaint.

7

which Ward understood the coverage to apply to the loss." (#21 at ¶¶ 23, 29). Here, plaintiff's damages allegations are entirely bare — they are the "naked assertions devoid of further factual enhancement — about which *Twombly* and *Iqbal* warned. Plaintiff's failure to allege any details or "factual enhancement" regarding the damages it allegedly suffered is fatal to Counts I and II. *See, e.g.*, *In re Gen. Motors Corp. Anti-Lock Brake Products Liab. Litig.*, 966 F. Supp. 1525, 1530 (E.D. Mo. 1997) (holding that plaintiffs' failure to allege how their defective cars had caused damages required dismissal), *aff'd sub nom. Briehl v. Gen. Motors Corp.*, 172 F.3d 623 (8th Cir. 1999). The Court will, however, permit plaintiff to file an amended complaint in order to attempt to remedy this pleading deficiency.

B. **Count III — Reformation**

Reformation of an insurance contract is available in cases of mutual mistake, but it poses a high hurdle. *See Galemore v. Haley*, 471 S.W.2d 518 (Mo. App. W.D. 1971). Defendant suggests that plaintiff cannot rewrite the policy based on parol evidence, and it also contends plaintiff has not met the pleading standard required of complaints alleging mistake.

First, as addressed above, the parol evidence rule does not apply in cases where mistake is alleged. *See Brown*, 220 S.W.3d at 447; *Hartford*, 356 S.W.2d at 521. On the other hand, notwithstanding parol evidence to the contrary, "the sending of the written policy...constitutes a counter-offer and by receiving the policies and retaining them for the

time shown here in evidence without object, the defendant accepted them and is bound by the policies as written." *Hartford*, 356 S.W.2d at 520. In *Galemore*, for example, the insured said there was a mistake as to a policy term, but the court held that the insured received the policy and accepted it as written, so she could not later "impugn its integrity." 471 S.W.2d at 525. And in *Ray America*, the court acknowledged that although reformation for mutual mistake was possible, the insured had read the policy, requested a correction as to the named insured, and renewed the policy as corrected — so a further correction as to the named insured was not permitted under the theory of reformation by mutual mistake. 673 S.W.3d at 82. Those cases were disposed of on the merits, however, and not on motions to dismiss. Although plaintiff is charged with reading the policy upon receiving it, he pleads that he asked his agent about the choice of estimate provision after receiving the policy, and that the agent assured him that the policy included that provision. It is not clear, however, when that discovery or subsequent conversation took place. Which brings the Court to defendant's other contention, which is that plaintiff has failed to adequately plead mistake.

Pursuant to Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged

generally."³ To meet the requirements of Rule 9(b), the complaint must include "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982), *quoted in Reding v. Goldman Sachs & Co.*, 382 F. Supp. 2d 1112, 1118 (E.D. Mo. 2005). Conclusory allegations that a defendant's conduct was fraudulent or that a mutual mistake occurred are not sufficient. *See Commercial Prop. Inv., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995); *J.J. Pager, L.L.C. v. Nationwide Mut. Ins. Co.*, 07-3435-CV-W-FJG, 2008 WL 565752, *2 (W.D. Mo. Feb. 28, 2008).

As for the reformation claim based on mutual mistake, plaintiff's claim states only that a mistake was made. Plaintiff does not allege when or by which individuals the mistake was made. The only date mentioned in the complaint is April 27, 2011, which is the date defendant informed plaintiff that its agent had misinformed plaintiff about the insurance coverage. Although plaintiff alleges that the agent "represented to Ward that there must be some mistake about the coverage" (#21 at ¶ 13), the Court finds that allegations set forth by the amended complaint do not satisfy the requirements of Rule 9(b). Plaintiff does not explain whether the agent or someone else made the mistake on the defendant's end, nor does it offer specifics in terms of timing. For example, plaintiff

---

³It is noteworthy that defendants do not appear to contend that plaintiff's fraudulent misrepresentation claim suffers from any Rule 9(b) deficiencies.

does not explain when the agent represented that the choice of estimate provision would be in the policy, when the policy was issued, when plaintiff asked defendant about whether the choice of estimate provision was in the policy, when or how the defendant/agent confirmed the choice of estimate provision, or when or how the defendant informed plaintiff that the coverage did not include a choice of estimate provision. The allegations plaintiff has included are simply too general to state a claim for mutual mistake. *See, e.g.*, *J.J. Pager, L.L.C.*, 2008 WL 565752, at *2.

As with Counts I and II, the Court will permit plaintiff to replead Count III. Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff shall file its amended complaint, if any, within 21 days of the date of this order.

Dated this __24th__ day of June, 2014.

_____
STEPHEN N. LIMBAUGH, Jr.
UNITED STATES DISTRICT JUDGE