IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| WARD HYUNDAI, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:13-CV-161 SNLJ |
| | ) |
| ZURICH AMERICAN INS. CO., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Ward Hyundai, Inc. ("Ward") brought this action against its insurer Zurich American Insurance Company ("Zurich"). Zurich has moved to dismiss (#36) Ward's Second Amended Complaint, and that motion has been fully briefed.

**I.     Background**

According to the complaint, plaintiff worked with an insurance agent to obtain insurance coverage for Ward's inventory of vehicles. Plaintiff alleges that it sought coverage that would allow it to choose between body-shop estimates or paintless dent repair ("PDR") for reimbursement of losses. Plaintiff says that Zurich's agent, Chris Foshee, assured plaintiff that Zurich's policy would include such a choice. Plaintiff says it switched insurance carriers in reliance upon Foshee's representation. After plaintiff purchased the insurance coverage from Zurich, within a month of issuance, Foshee re-asserted to Ward that the coverage provided the choice to use body-shop or PDR

1

estimates.  However, on April 8, 2011, an "event" occurred that required plaintiff to submit a claim to defendant.  Foshee again told the plaintiff that the insurance policy provided plaintiff with the body-shop or PDR estimate choice, but, shortly after the April 8 incident, defendant informed plaintiff that the coverage did not provide for such a choice.  Instead, the policy provided only for PDR estimate.

Plaintiff alleges that it then followed up with Foshee, who continued to tell plaintiff that the coverage provided the choice of estimate.  Plaintiff alleges that, due to the conflicting information from defendant and Foshee, plaintiff contacted defendant's vice president and general manager, who, on April 27, 2011, e-mailed plaintiff that its agent had misinformed plaintiff about the insurance coverage and that there was no choice of estimate. (#33 at ¶ 16.)  Plaintiff attached that e-mail to his complaint.  Plaintiff alleges that, despite defendant's being aware of the misinformation its agent provided plaintiff, defendant refused to "remedy the situation."  (*Id.* at ¶ 19.)

In this Second Amended Complaint, as with the First Amended Complaint, plaintiff brings three counts.  Count I is for Negligent Misrepresentation.  Count II is for fraudulent misrepresentation.  Count III is for reformation of the insurance contract.  This Court dismissed the First Amended Complaint for failure to state a claim but permitted the plaintiff to amend and refile his complaint.  Defendant again seeks dismissal based on failure to state a claim.

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice.

*Twombly*, 550 U.S. at 555 (internal citations omitted). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged." *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).

## III. Discussion

Defendant maintains that plaintiff has failed to remedy its pleading inadequacies with the Second Amended Complaint.

### A. Counts I and II — Negligent and Fraudulent Misrepresentation

Defendant again contends that plaintiff cannot bring tort claims against it because plaintiff is limited to bringing a breach of contract claim against its insurer. Generally, "insurance is a matter of contract, and [it] is governed by the rules applicable to contracts and that any claim or suit by either party to an insurance contract must be based on the policy as issued." *Hartford Acc. & Indem. Co. v. Farmington Auction, Inc.*, 356 S.W.2d 512, 518-19 (Mo. App. 1962); *see also Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 69 (Mo. banc 2000) ("an insurance company's denial of coverage itself is actionable only as a breach of contract and, where appropriate, a claim for vexatious refusal to pay."). Defendant continues to characterize plaintiff's claim as a recast claim for breach of

4

contract and vexatious refusal to pay. The Court disagrees. Plaintiff has not pleaded that defendant wrongfully refused to pay on the contract; rather, plaintiff pleaded that defendant's agent misrepresented the contents of the policy to it both before and after the issuance of the policy. Unlike the cases relied upon by defendants, *see, e.g.*, *Ryann Spencer Group, Inc. v. Assurance Co. of America*, 275 S.W.3d 284, 290 (Mo. App. E.D. 2008), where the claim was ultimately for the policy benefit and was dependent on the same elements of a contract claim, plaintiff's allegations are independent of any breach of contract claim that plaintiff could make. In *Ryann Spencer Group*, for example, the insured requested a policy that would insure its property for the full market value. After a fire loss, the insured determined that the policy did not meet the insured's coverage request and sued on several grounds including fraudulent and negligent misrepresentation. *Id.* The court determined that the tort claims were based on the insurer's "refusal to pay and are not based on conduct distinct from conduct that merely constitutes a breach of contract." *Id.*; *cf. Overcast*, 11 S.W.3d at 68.

The actionable conduct here is not the denial of any claim under the insurance contract or the refusal to pay by the defendant's agent. Plaintiff in fact admits that the insurance contract does not offer it the choice of estimate, and indeed, the complaint does not purport to allege that defendant breached the insurance contract. Instead, the actionable conduct is the misrepresentation made by the defendant's agent, which induced plaintiff to enter into a contract that did not include the coverage sought. Plaintiff's misrepresentation claims are akin to a negligent or fraudulent *inducement*

5

action, which is actionable under Missouri law. As the Eighth Circuit has remarked, "generally, a person who signs a written contract is presumed to know the contents of the terms of the contract and is bound by such terms. … However, we do not believe that under Missouri law a party is free to fraudulently induce the other party to sign an agreement simply because the relied upon fraudulent misrepresentations were inconsistent with the signed agreement." *Pinken v. Frank*, 704 F.2d 1019, 1025 (8th Cir. 1983) (internal citations omitted); *see also Harriman Oil Co. v. Baker*, No. 4:11CV01344 AGF, 2012 WL 252233, at *2 (E.D. Mo. Jan. 26, 2012) ("a party may not, by disclaimer or otherwise, contractually exclude liability for fraud in inducing that contract," and "Missouri case law extends this rule to claims that the contract was induced by negligent misrepresentations") (internal citations omitted) (quoting *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 767 (Mo. banc 2007) and citing *Former Vacuum & Janitor Supply Co. v. Renard Paper Co.*, No. 4:06CV00905 RWS, 2007 WL 2693828, at *4 (E.D.Mo. Sept. 10, 2007)).

Next the Court turns to whether plaintiff has properly pleaded the elements for Counts I and II. The First Amended Complaint omitted facts about damages. Plaintiff has this time pleaded how it was damaged by the alleged misrepresentations. However, now defendant contends that plaintiff falls short of pleading standards in other ways.

The elements for a negligent misrepresentation claim are

(1) the speaker supplied information in the course of his business; (2) because of the speaker's failure to exercise reasonable care, the information was false; (3) the information was intentionally provided by the speaker for the guidance of limited persons in a particular business transaction; (4) the

> hearer justifiably relied on the information; and (5) due to the hearer's reliance on the information, the hearer suffered a pecuniary loss.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 134 (Mo. banc 2010). Defendant does not appear to contest the adequacy of those allegations.

Defendant's focus is on plaintiff's pleading of fraudulent misrepresentation. The elements required for that claim are

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's *132 intent that it should be acted on by the person in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.

*Id.* As this Court observed in its last order, fraudulent misrepresentation claims must also comply with to Federal Rule of Civil Procedure 9(b), which states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." To meet the requirements of Rule 9(b), the complaint must include "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982), *quoted in Reding v. Goldman Sachs & Co.*, 382 F. Supp. 2d 1112, 1118 (E.D. Mo. 2005). Conclusory allegations that a defendant's conduct was fraudulent or that a mutual mistake occurred are not sufficient. *See Commercial Prop. Inv., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d

7

639, 644 (8th Cir. 1995); *J.J. Pager, L.L.C. v. Nationwide Mut. Ins. Co.*, 07-3435-CV-W-FJG, 2008 WL 565752, *2 (W.D. Mo. Feb. 28, 2008).

Here, plaintiff identifies Foshee as the individual who made representations on behalf of the defendant. Defendant observes that plaintiff does not identify who at Ward --- a corporate entity --- spoke with Foshee. But that level of particularity is not explicitly required by any caselaw identified by this Court. Defendant also notes that plaintiff does not identify the dates that representations regarding choice of estimate provisions were made. Although the "time" of the representation is required generally, *Bennett*, 685 F.2d at 1062, Rule 9(b) does not require specificity to the level of the precise date. *See, e.g.*, *Am. Traffic Solutions, Inc. v. B & W Sensors, LLC*, No. 4:13CV0229 AGF, 2014 WL 1272509, at *9 (E.D. Mo. Mar. 27, 2014).[1] It is clear from the Second Amended Complaint that the representations occurred just before and after the plaintiff entered into the insurance policy with defendant; although the allegations do not include the date of the contract, the complaint suggests (and defendants do not state otherwise) that there is but one insurance policy between the parties. The purpose of Rule 9(b)'s particularity requirement is "to enable the defendant to respond specifically and quickly to the potentially damaging allegations," *U.S. ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003), and the specifics as pleaded are sufficient to allow this defendant to do so. Although plaintiff could have offered more specifics in its

---

[1] Defendant cites the Court's discussion of the details omitted by plaintiff's First Amended Complaint and states that the Court offered those as "specific instructions" that plaintiff was required to follow as part of its repleading. (#37 at 9 (quoting June 24, 2014 Order, #32 at 10-11).) The Court's Order included a list of numerous details that plaintiff did not include in its claim for Reformation in the First Amended Complaint. However, the Court did not state that each and every detail was required for inclusion.

complaint, requiring plaintiff to do so at this stage, pre-discovery, is not required by the Rules. Plaintiff has adequately pleaded fraudulent misrepresentation.

      B.      **Count III — Reformation**

Reformation of an insurance contract is available in cases of mutual mistake, but it poses a high hurdle. *See Galemore v. Haley*, 471 S.W.2d 518 (Mo. App. W.D. 1971). This Court allowed plaintiff to replead its Reformation count to flesh out allegations in conformance with Rule 9(b). Defendant complains that plaintiff does not identify with whom Foshee spoke or how the communications took place or a date on which the initial communications took place. As discussed above, those precise details are not required by Rule 9(b). Defendant also states that plaintiff should have pleaded the date of the policy, but, as there is apparently only one insurance policy between plaintiff and defendant, that information does not seem necessary in order for defendant to respond to the allegations. Defendant points out that plaintiff alleges that Foshee reasserted that the policy provided a choice of estimates within a month after the policy was issued, which raises the question of who raised doubts about the policy's provisions and why. Although that is certainly true, the answers to those questions are more appropriately addressed through discovery channels.

Although plaintiff surely could have been more precise in its pleading, plaintiff has addressed the Court's principally stated concerns. The Court's order specifically noted that, although plaintiff is charged with reading the policy upon receiving it, plaintiff pleaded here that it asked Foshee about the choice of estimate provision after

9

receiving the policy, and that Foshee assured plaintiff that the policy included that provision. It was not clear, however, when that discovery or subsequent conversation took place. Plaintiff's Second Amended Complaint asserts that such conversation took place within 30 days of receiving the policy. In addition, the Second Amended Complaint makes clear that the mistake was made by defendant's agent Foshee. The allegations as pleaded satisfy Rule 9(b).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss is DENIED.

Dated this   20th   day of January, 2015.

_____
STEPHEN N. LIMBAUGH, Jr.
UNITED STATES DISTRICT JUDGE