IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WARD HYUNDAI, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:13-CV-161 SNLJ |
| | ) | |
| ZURICH AMERICAN INS. CO., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Zurich American Insurance Company ("Zurich")'s motion to compel plaintiff Ward Hyundai, Inc. ("Ward") to produce discovery related to damages (#51). The matter has been fully briefed and is now ripe for disposition.

**I. Background**

According to the complaint, plaintiff car dealership worked with an insurance agent to obtain insurance coverage for Ward's inventory of vehicles. Plaintiff alleges it sought and was told it had insurance coverage that would allow it to choose between body-shop estimates or paintless dent repair ("PDR") for reimbursement of hail damage to inventory. When a hail storm struck the dealership, 129 cars were allegedly damaged. But when plaintiff sought insurance coverage, plaintiff was informed defendant's policy

1

did not include such a choice. Instead, the policy provided only for PDR estimate. Plaintiff alleges it was damaged and filed this lawsuit.

Defendant served interrogatories on plaintiff seeking, among other things, for plaintiff to "List, describe[,] and itemize all damages you are claiming in this lawsuit and explain how each figure is arrived at." (#51-1 at Interrog. No. 4.) Defendant also seeks damages computation and documentation required by Federal Rule of Civil Procedure 26(a)(1)(A)(iii). When plaintiff served its Rule 26(a) disclosures on February 27, 2015, plaintiff stated that its "computation of damages is undetermined at this time." When plaintiff responded to Interrogatory No. 4, plaintiff again stated it was undetermined but would supplement its answer later. On May 1, 2015, plaintiff supplemented its response with:

> The Plaintiff has been damaged as follows:
> - The difference between the amount paid by the Defendant and the amount that Plaintiff believes should have been paid based upon the representations of the Defendant. This would be calculated by determining the body shop estimate for the 129 cars that were damaged, less the applicable deductible. Plaintiff is still working on this computation as all relevant documents have been in the possession of the Defendant.
> - All amounts expended by Plaintiff to repair the damage to the vehicles. Plaintiff is still calculating this figure and shall supplement its response.
> - The premium amount paid to Defendant for the misrepresented policy.
> - All amounts lost on the sale of the 129 vehicles as a result of the damage to the vehicles. Plaintiff is still calculating this figure and shall supplement its response.
> - Punitive damages as determined by the jury

Defendant is dismayed that plaintiff is "still calculating" its damages despite the fact that the loss occurred in 2011 and the lawsuit was filed in 2013. In addition, plaintiff

2

blames the delay on defendant's possession of the relevant documents --- plaintiff argues that in its memorandum in opposition, too. Plaintiff states that defendant and its adjusters reviewed the damaged vehicles and determined estimates and that defendant was in possession of all relevant documents until defendant's months-ago production of documents. However, plaintiff does not explain how it --- as the car dealership that owned and sold the cars in question --- did not have information about the 129 damaged cars damaged in the hail storm on its property.

Plaintiff also contends that it needs to depose defendant's witnesses in order to calculate its damages. Plaintiff states that it has "questions about the numbers contained in the documents produced by Defendant" and that it needs information about defendant's "procedures, policies, and guidelines for a body shop estimate for each of the vehicles." (#53 at 4.) Plaintiff states it is still calculating the amounts expended to repair the vehicles and the amounts lost on the sales of the vehicles. Finally, plaintiff states it needs information from defendant witnesses regarding the cost of the policy as represented to plaintiff versus the cost actually paid. Plaintiff complains that defendant will not proceed with depositions until plaintiff's written discovery and disclosure obligations are complete.

Although plaintiff may not have all of the information it would like to calculate damages completely, plaintiff has had more than enough time to calculate damages as they pertain to the damaged vehicles themselves. For example, plaintiff should have information regarding the "amounts expended by Plaintiff to repair the damage to the

vehicles," the "body shop estimate….less the applicable deductible," and the amount "lost on the sale of the 129 vehicles as a result of the [hail] damage to the vehicles." (Answer to Interrog. No. 4.) Of course, plaintiff will be able to supplement its answers as required after depositions. The Court will order plaintiff to furnish defendant with specific --- if preliminary --- damages information within fourteen days. The Court expects the parties to cooperate fully in scheduling depositions of witnesses after that time.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel (#51) is **GRANTED** in part

**IT IS FURTHER ORDERED** that plaintiff shall supplement its disclosures and discovery responses regarding damages calculations no later than June 30, 2015.

Dated this  16th  day of June, 2015.

_____
STEPHEN N. LIMBAUGH, Jr.
UNITED STATES DISTRICT JUDGE