# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **WARD HYUNDAI, INC.,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:13-CV-161 SNLJ |
| **ZURICH AMERICAN INS. CO.,** | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Ward Hyundai, Inc. ("Ward")'s motion to amend complaint (#55) and defendant Zurich American Insurance Company ("Zurich")'s motion to amend answer (#56). The motion to amend complaint has been fully briefed, but plaintiff did not respond to the motion to amend answer, and the time for doing so has passed.

There being no objection to defendant's motion to amend its answer, that motion will be granted.

Plaintiff has twice amended its complaint and now seeks to amend its complaint a third time in order to add one additional count against a new defendant, defendant Zurich's agent, Chris Foshee. Plaintiff worked with insurance agent Foshee to obtain insurance coverage for Ward's inventory of vehicles. Plaintiff alleges that it sought coverage that would allow it to choose between body-shop estimates or paintless dent

repair ("PDR") for reimbursement of losses. Plaintiff says that Zurich's agent, Chris Foshee, assured plaintiff before and after purchasing coverage that Zurich's policy would include such a choice. After a hail storm damaged 129 of plaintiff's vehicles, Foshee again told the plaintiff that the insurance policy provided plaintiff with the body-shop or PDR estimate choice, but, shortly thereafter, defendant informed plaintiff that the coverage did not provide for such a choice. Instead, the policy provided only for PDR estimate. Eventually, defendant's vice president and general manager e-mailed plaintiff that its agent had misinformed plaintiff about the insurance coverage and that there was no choice of estimate.

The Second Amended Complaint includes three counts. Count I is for Negligent Misrepresentation. Count II is for fraudulent misrepresentation. Count III is for reformation of the insurance contract. This Court denied defendant's motion to dismiss the Second Amended Complaint. Now plaintiff seeks to add Chris Foshee as a defendant for a new Count IV --- negligence. Defendant Zurich opposes the motion.

Plaintiff does not have an absolute right to amend its pleading. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). A motion for leave to amend may be appropriately denied if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

Plaintiff's proposed negligence claim against Foshee alleges that "Foshee failed to procure the requested insurance coverage from Defendant Zurich…[and] failed to exercise reasonable care and diligence in ensuring that the insurance policy that was purchased by Ward included the requested insurance coverage." (#55-1 at ¶¶ 52 and 54.) Defendant contends that plaintiff may not make such a claim because, under Missouri law, an insurer's agent owes no duty to the insured.

This Court has been extremely lenient with plaintiff and has permitted two amendments already. Although it does appear that plaintiff may be able to state a claim against the agent for negligent failure to procure insurance, *see Busey Truck Equip., Inc. v. Am. Family Mut. Ins. Co.*, 299 S.W.3d 735, 738 (Mo. Ct. App. 2009), this Court will deny plaintiff's motion for several reasons. First, the long delay in adding Foshee as a defendant, particularly in light of the fact that plaintiff has amended twice, cuts against plaintiff's motion. Plaintiff explains that it has obtained information that supports this claim during the course of discovery, but plaintiff fails to identify what that evidence is or why it was just now available. There appear to be no new allegations in the proposed Third Amended Complaint, so it is unclear why it took plaintiff two years to seek to add Foshee as a defendant. Plaintiff may bring a separate lawsuit against Mr. Foshee, but the Court will deny his attempt to add Mr. Foshee to this case. [1]

---

[1] The Court also notes that plaintiff has failed to allege the citizenship of Mr. Foshee. If Mr. Foshee is a Missouri citizen, his presence as a defendant would destroy this Court's diversity jurisdiction. That would be an independent reason to deny the motion to amend. *See* 28 U.S.C. § 1447(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend complaint (#55) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to amend answer (#56) is **GRANTED**.

Dated this  19th  day of June, 2015.

_____
STEPHEN N. LIMBAUGH, Jr.
UNITED STATES DISTRICT JUDGE