# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| WARD HYUNDAI, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:13-CV-161 SNLJ |
| ZURICH AMERICAN INS. CO., | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter, which pertains to an insurance contract for a car dealership and inventory losses as a result of a hail storm, was voluntarily dismissed by plaintiff Ward Hyundai, Inc. ("Ward") on June 29, 2015 (#62, #63). Defendant Zurich American Insurance Company ("Zurich") filed a motion seeking relief from that order of dismissal (#64) and seeks either to convert the dismissal to a dismissal *with* prejudice, or to set aside the dismissal and proceed with this case.

The Eighth Circuit has identified several factors to be considered in deciding a motion for voluntary dismissal: (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, (4) the fact that a motion for summary judgment has been filed by the defendant, (5) emotional and psychological trauma associated with the experience of defending another lawsuit, (6) the prejudice resulting from uncertainty over title to land, and (7) the absence of a

1

justification for the proposed dismissal. *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987) (citing *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969); *Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir. 1974).

Voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should not be granted if a party will be prejudiced. *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257, 1262 (8th Cir. 1993). Here, defendant Zurich states that it will be prejudiced by Ward's voluntary dismissal because it expects Ward will re-file its claims in state court. Plaintiff recently attempted to add defendant's insurance agent, Chris Foshee, to this matter as a defendant. Defendant opposed the motion, and the Court denied the request due to the numerous amendments to the complaint that had already occurred and plaintiff's failure to explain why it was just now seeking to add Foshee as a defendant.[1] Plaintiff admits that it is considering re-filing in state court, presumably with both Zurich and Foshee as defendants. Plaintiff states that it has new information that defendant's agents (including Foshee) deliberately misrepresented insurance policies to policy holders.

Here, defendant has failed to show sufficient prejudice from dismissal without prejudice. Facing litigation of these issues in state court does not constitute prejudice where the work done on this matter to date would not need to be duplicated in any state court litigation. Moreover, although this matter has been pending since November 2013, the Case Management Order was not entered until February 25, 2015: discovery has only just begun, and no depositions have been taken. Despite the protracted motion to dismiss phase, this litigation is still at its early stages. Plaintiff has explained its need for a

---

[1] In addition, the Court noted that Mr. Foshee may be a Missouri citizen, and, if so, his presence would destroy this Court's diversity jurisdiction. This matter was initially filed in state court and removed pursuant to the Court's diversity jurisdiction.

voluntary dismissal, and thus none of the factors for consideration weigh in favor of denying plaintiff's motion.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for relief from order of dismissal (#64) is **DENIED**.

Dated this   22nd   day of July, 2015.

_____
STEPHEN N. LIMBAUGH, Jr.
UNITED STATES DISTRICT JUDGE